IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLOS IVAN ORTIZ-ALEMAN,<br>LEONARDO MACEDO BALTAZAR,<br>JOSE ABRAHAM MEMBRENO<br>ORELLANA, and BRIHIDO CRUZ,<br><br>Defendants. | CRIMINAL CASE NO.<br>1:11-CR-0020-ODE-JFK |

**ORDER AND REPORT AND RECOMMENDATION**

Pending before the court is Defendant Jose Orellana's motion [Doc. 52] to suppress evidence obtained from the search of two cellular telephones pursuant to two federal search warrants. Defendant's motion [Doc. 51] to suppress statements has been referred to the District Court.[1] In the preliminary motion to suppress evidence, Defendant asserted, without any supporting facts or legal authority, (1) that the telephones at issue were seized without probable cause, (2) that the affidavits for the search warrants did not establish probable cause, and (3) that there was no court order

---

[1] Defendant Ortiz-Aleman entered a plea of guilty on May 2, 2011, mooting his pending motion [Doc. 54] to suppress. And Defendants Baltazar and Cruz have advised the court that their pending motions [Docs. 56, 57, and 58] may be withdrawn. Therefore, the court deems the motions **WITHDRAWN** and **DENIED as MOOT**.

authorizing the searches, the warrant only stated that there was probable cause, and the warrant did not limit or particularize the searches. [Doc. 52]. The court directed Defendant to supplement his challenge to the seizure and search of the telephones because the preliminary motion to suppress did not allege sufficient facts to establish his entitlement to relief. See United States v. Cooper, 203 F.3d 1279, 1284 (11th Cir. 2000) (It is well settled that "'[a] motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented. . . . A court need not act upon general or conclusory assertions. . . .'") (quoting United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985)).

In his supplemental brief in support of the motion to suppress the search of the telephones, Defendant only presented legal argument on the third ground stated in his preliminary motion, that is, "there was no court order authorizing the search and in the alternative if there was a warrant authorizing a search it did not delineate the scope of the search nor did it particularize the search." [Doc. 68 at 1]. The court finds that Defendant abandoned any other challenge to the search of the telephones when he failed to particularize and support those claims in the supplemental brief. See United States v. Zekic, 2010 WL 4962985, at *1 (N.D. Ga. October 28, 2010) (citing Access

2

AO 72A
(Rev.8/82)

Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.")), adopted by 2010 WL 4967825 (N.D. Ga. December 1, 2010). Because Defendant did not initially present sufficient facts and legal authority demonstrating his entitlement to relief and then abandoned the first two grounds for suppressing the evidence seized from the telephones, the court recommends denying the motion to suppress on those grounds.

As to the third basis for seeking suppression, the Government correctly responds that Defendant has failed to establish that the search of each telephone was not authorized by a federal magistrate judge and that Defendant's reliance on Groh v. Ramirez, 124 S. Ct. 1284 (2004), for the argument that the warrants did not limit the scope of the searches is misplaced. [Doc. 75]. After a review of the face of the search warrants issued in this case and pertinent legal authority, the court recommends that Defendant's motion to suppress on this ground likewise be denied.

## I.     Background Facts

The search warrant for the first cellular telephone at issue provides that it is directed to a Drug Enforcement Administration Task Force Officer ("DEA TFO") and

3

states, "Affidavit having been made before me by" the DEA TFO "who has reason to believe that on the property or premises known as A black Motorola Boost I296 cellular phone with serial number 364VL5Q17B ('Subject Telephone 4') . . . there is now concealed . . . property, namely, address and phone/contact listings, text messages sent and/or received, calendars, photographs, and to-do lists, which constitutes evidence of the commission of a criminal offense and property which has been used as the means of committing a criminal offense, concerning violations of Title 21 U.S.C. §§ 841(a) and 846." [Doc. 68-1, Case Number 1-11-MJ-98]. The warrant further specifies, "I find that the affidavit establishes probable cause to search and seize the . . . property from the . . . premises described above. YOU ARE HEREBY COMMANDED to execute this warrant on or before 2/9/11." [Id.]. The warrant directs that a copy of the warrant and receipt of property taken pursuant to the warrant is to be left with either the person from whom the property is taken or left at the place where the property is taken and directs that an inventory be prepared and returned with the warrant to the undersigned. [Id.]. The warrant bears the signature of the judicial officer, Russell G. Vineyard, as having been signed on January 26, 2011, at 11:25 a.m. [Id.]. That warrant was accompanied by an Application and Affidavit for Search Warrant for the same cellular phone and identifying the same property to be seized,

with an attached affidavit, and signed by the affiant and by the judicial officer, Russell G. Vineyard, on January 26, 2011, at 11:25 a.m.  [Id.].

The search warrant for the second cellular telephone provides that it is directed to the same DEA TFO and states, "Affidavit having been made before me by" the DEA TFO "who has reason to believe that on the property or premises known as A T-Mobile Samsung cellular phone with serial number 351914032302728 ('Subject Telephone 5') . . . there is now concealed . . . property, namely, address and phone/contact listings, text messages sent and/or received, calendars, photographs, and to-do lists, which constitutes evidence of the commission of a criminal offense and property which has been used as the means of committing a criminal offense, concerning violations of Title 21 U.S.C. §§ 841(a) and 846."  [Doc. 68-1, Case Number 1-11-MJ-99].  The warrant further specifies, "I find that the affidavit establishes probable cause to search and seize the . . . property from the . . . premises described above.  YOU ARE HEREBY COMMANDED to execute this warrant on or before 2/9/11."  [Id.].  The warrant directs that a copy of the warrant and receipt of property taken pursuant to the warrant is to be left with either the person from whom the property is taken or left at the place where the property is taken and directs that an inventory be prepared and returned with the warrant to the undersigned.  [Id.].  The warrant bears the signature

5

of the judicial officer, Russell G. Vineyard, as having been signed on January 26, 2011, at 11:30 a.m.  [Id.].  That warrant was accompanied by an Application and Affidavit for Search Warrant for the same cellular phone and identifying the same property to be seized, with an attached affidavit, and signed by the affiant and by the judicial officer, Russell G. Vineyard, on January 26, 2011, at 11:30 a.m.  [Id.].

## II.   Discussion

Relying on the Supreme Court decision in Groh, Defendant makes the frankly spurious argument that "[t]here is no court order describing what is to be searched, the scope of the search or any other command detailing what is to be searched" because the "*search warrants only command the following*:  'You are hereby commanded to execute this warrant on or before 2-9-11.' . . .  A finding of probable cause does not make a search warrant."  [Doc. 68 at 3 (emphasis in original)].  Then citing to Groh, Defendant states that "a warrant must particularly describe the place to be searched and the things to be seized" and that an application and affidavit doing so does not save an warrant which fails to provide that information.  [Id.].  Defendant then makes a nonsensical statement, "In the instant case there is no warrant.  There is only the statement 'execute this warrant'.  Again, there is a finding of probable cause but there is no command particularly describing what to search/seize."  [Id. at 4].  Defendant's

6

attack on the search warrants in this case is meritless, and his reliance on Groh misplaced.

"In order to have evidence suppressed based on a violation of the Fourth Amendment, a [defendant] has the burden of proving (1) that the search was unlawful and (2) that the [defendant] had a legitimate expectation of privacy." United States v. McKennon, 814 F.2d 1539, 1542 (11th Cir. 1987). And specifically with respect to attacks on searches conducted pursuant to a warrant, "[t]he warrant stands cloaked with the presumption of validity . . . and [a defendant] ha[s] the burden of proof in challenging the validity of its execution or service." United States v. Vigo, 413 F.2d 691, 693 (5th Cir. 1969)[2]; accord United States v. Marx, 635 F.2d 436, 441 (5th Cir. Unit B 1981) (same). Defendant has not come close to meeting this burden.

"The Fourth Amendment provides, in relevant part, 'no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'" United States v. Evans, 469 F. Supp. 2d 893, 896 (D. Mt. 2007) (quoting U.S. Const. amend. IV); United States v. Wuagneux, 683 F.2d 1343, 1348 (11th Cir. 1982) ("The Fourth Amendment

---

[2]Decisions of the Fifth Circuit rendered before October 1, 1981, are binding upon panels of the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

7

requires that warrants 'particularly describ[e] the place to be searched, and the persons or things to be seized.'") (quoting U.S. Const. amend. IV).  Accordingly, "[t]he defining features of a judicial search warrant are that:  (a) it must be issued by a judicial officer; (b) the judicial officer must find that there is probable cause to believe that evidence of contraband is present in the place to be searched; (c) the probable cause finding must be supported by the information contained in the oath or affidavit; and (d) the warrant must describe with particularity the places to be searched and the things to be seized." United States v. Kone, 591 F. Supp. 2d 593, 605 (S.D. N.Y. 2008) (citing Groh, 124 S. Ct. at 1289).  The search warrants before this court have each of these features.

First, the warrants are issued by a judicial officer as evidenced by his signature on each warrant along with the command to execute each warrant by the specified date. [Doc. 68-1, Case Numbers 1-11-MJ-98 and 1-11-MJ-99].  "Issuance serves to demonstrate that a neutral and detached magistrate has reviewed the warrant application and affidavit and made an independent and objective determination that probable cause exists to justify the search." Evans, 469 F. Supp. 2d at 897.  While neither the Fourth Amendment nor Fed. R. Crim. P. 41 requires that the magistrate judge's signature appear on the face of the warrant, such a signature "is the surest and

8

likely best method for indicating that the search warrant was issued upon a finding of probable cause. . . ." United States v. Martin, 2011 WL 722969, at *3 (M.D. Fla. February 7, 2011); accord United States v. Jackson, 617 F. Supp. 2d 316, 320 (M.D. Pa. 2008); Evans, 469 F. Supp. 2d at 897 (noting that although a signature is not required, the Fourth Amendment and Rule 41 do "demand that the warrant contain some indication that the search is officially authorized").

Second, the warrants specifically stated, "I find that the affidavit establishes probable cause to search and seize the . . . property from the . . . premises described above." [Doc. 68-1, Case Numbers 1-11-MJ-98 and 1-11-MJ-99]. And, third, the warrants stated that the affidavit of the DEA TFO was made before the judicial officer - an application and affidavit that was likewise signed and dated by the DEA TFO and the judicial officer for each warrant. [Id.].

Finally, the fourth feature of a valid search warrant is set forth on the face of each warrant. The warrants specify the particular places to be searched, that is, "A black Motorola Boost I296 cellular phone with serial number 364VL5Q17B ('Subject Telephone 4')" [Doc. 68-1, Case Number 1-11-MJ-98], and "A T-Mobile Samsung cellular phone with serial number 351914032302728 ('Subject Telephone 5')" [Doc. 68-1, Case Number 1-11-MJ-99]. "A warrant's description of the place to be searched

9

is not required to meet technical requirements or have the specificity sought by conveyancers. The warrant need only describe the place to be searched with sufficient particularity to direct the searcher, to confine his examination to the place described, and to advise those being searched of his authority." United States v. Burke, 784 F.2d 1090, 1092 (11th Cir. 1986). The court, quite frankly, does not see how the warrant could have more explicitly described the place for each search to be executed. And the warrants specify the items to be seized, that is, "address and phone/contact listings, text messages sent and/or received, calendars, photographs, and to-do lists, which constitutes evidence of the commission of a criminal offense and property which has been used as the means of committing a criminal offense, concerning violations of Title 21 U.S.C. §§ 841(a) and 846." [Doc. 68-1, Case Numbers 1-11-MJ-98 and 1-11-MJ-99]. "A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized." Wuagneux, 683 F.2d at 1348. Again, the court simply does not understand how these warrants fail to adequately particularize the items to be seized.

The Supreme Court's decision in Groh does not require a finding to the contrary and frankly provides no support for Defendant's arguments that these warrants are invalid. In Groh, the Supreme Court found that the "warrant was plainly invalid." 124

10

S. Ct. at 1289.  The Court reached this conclusion finding that "the warrant did not describe the items to be seized *at all*" (a fact conceded by the government) and stating that "[i]n this respect[,] the warrant was so obviously deficient that we must regard the search as 'warrantless' within the meaning of our case law." Id. at 1290 (emphasis in original).  The Court reached this conclusion because the "warrant did not simply omit a few items from a list of many to be seized, or misdescribe a few of several items" but instead "in the space set aside for a description of the items to be seized, the warrant stated that the items consisted of a 'single dwelling residence . . . blue in color.'" Id. The warrant mistakenly inserted again the place to be searched for the items to be seized.  As the Eleventh Circuit Court of Appeals found in United States v. Cruse, 343 Fed. Appx. 462, 465-66 (11th Cir. 2009) (emphasis added), the decision in Groh is distinguishable, because the search warrant in Groh "did not list *any* particular items to be seized whereas the search warrant [in Cruse and the search warrants in this case] specifically listed items to be seized," that is, in Cruse, those items being firearms and drugs, id., and in this case, "address and phone/contact listings, text messages sent

11

and/or received, calendars, photographs, and to-do lists[,]" [Doc. 68-1, Case Numbers 1-11-MJ-98 and 1-11-MJ-99].³

No other information or directive or order is constitutionally (or for that matter, pursuant to Rule 41) required to be on the face of a valid search warrant. In United States v. Grubbs, 126 S. Ct. 1494 (2006), the Supreme Court specifically rejected an attempt to expand the requirements of the Fourth Amendment to "embrace unenumerated matters." Id. at 1500. As the Court noted, prior arguments to expand the scope of the Fourth Amendment's "precise and clear words" have failed: "Nothing in the language of the Constitution or in th[e Supreme] Court's decisions interpreting that language suggests that, in addition to the [requirements set forth in the text], search warrants also must include a specification of the precise manner in which they

---

³And Defendant's argument about "defects" in the instant search warrants not being cured by the applications and affidavits because those documents were not incorporated by reference on the face of the search warrants [Doc. 68 at 4-5 (citing Groh)] is immaterial to the court's resolution of the motion to suppress. The Supreme Court's discussion of the fact that the search warrant in that case did not incorporate by reference the underlying application and affidavit which provided the requisite particularity as to the items to be seized was pertinent because, as discussed *supra*, the face of the "the warrant did not describe the items to be seized *at all*[,]" Groh, 124 S. Ct. at 1290 (emphasis in original), and the underlying affidavit could not supply the missing information, id. at 1289-90. However, as is evident from the warrants in this case, there is no need to resort to reference to the applications and affidavits to supply any missing information.

12

are to be executed." Id. at 1501 (citations and internal quotations marks omitted); Johnson v. County of Contra Costa, 2010 WL 3491425, at *12 (N.D. Cal. September 3, 2010) (". . . facial validity is measured only by information that *must* be present on the face of a constitutionally sufficient search warrant, such as a particularized description of the place to be searched and the persons or things to be seized") (emphasis added). The search warrants in this case each complied with the dictates of the Fourth Amendment.

And, even if these search warrants were determined to have failed to sufficiently identify the places to be searched or the property to be seized, the court finds that the good faith exception to the exclusionary rule would apply and that the evidence seized should not be suppressed. In United States v. Leon, 104 S. Ct. 3405 (1984), and Massachusetts v. Sheppard, 104 S. Ct. 3424 (1984), the Supreme Court established a good faith exception to the exclusionary rule where officers placed reasonably objective reliance on a search warrant later determined to be defective. In United States v. Accardo, 749 F.2d 1477 (11th Cir. 1985), the Eleventh Circuit Court of Appeals discussed the good faith exception established by the Supreme Court. With the exception of cases "where the issuing magistrate wholly abandoned his judicial role[,]" or where "a warrant [is] based on an affidavit 'so lacking in indicia of probable

13

cause as to render official belief in its existence entirely unreasonable[,]'" or where "a warrant may be so facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid[,]" the good faith exception applies. Id. at 1480 & n.4 (citations omitted). The good faith exception "require[s] suppression 'only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'" Id. at 1480 (quoting Leon, 104 S. Ct. at 3422). In making this decision, the totality of the circumstances surrounding issuance of the search warrant may be considered. Id. at 1481.

In the Eleventh Circuit, the good faith exception to the exclusionary rule applies to alleged violations of the particularity requirement. See Accardo, 749 F.2d at 1479-81. In United States v. Travers, 233 F.3d 1327 (11th Cir. 2000), the Eleventh Circuit Court of Appeals, citing Accardo, affirmed that the good faith exception may be applied to an overly broad warrant. Id. at 1330 (citing Accardo, 749 F.2d at 1481). As already determined, the warrants in this case do not fail to describe the places to be searched and the items to be seized *at all* such that the good faith exception should not be applied. Groh, 124 S. Ct. at 1294. The warrants provided descriptions of the locations for the searches, the cellular phones, and lists of the items to be seized,

14

specific contents of the cellular phones' data memories. See also Cruse, 343 Fed. Appx. At 465-66 (rejecting, for the reasons stated *supra*, the defendants argument that Groh required a finding that the good faith exception did not apply).

For these reasons, the court finds that the evidence obtained as a result of the execution of the search warrants is admissible at trial.

### III. Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant Orellana's motion [Doc. 52] to suppress be **DENIED**.

Defendant Ortiz-Aleman's motion [Doc. 54] to suppress, Defendants Baltazar and Cruz's motions to sever [Docs. 56 and 58], and Defendant Balatazar's motion [Doc. 57] for a Jackson-Denno Hearing are deemed **WITHDRAWN** and **DENIED as MOOT**.[4]

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

---

[4]See Footnote 1, *supra*.

15

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial as to <u>all</u> Defendants.

**SO ORDERED,** this 20th day of JULY, 2011.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)